**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHASE BANK USA, N.A.,

       *Movant*,

    v.

M. HARVEY REPHEN & ASSOCIATES,
P.C.,

       *Respondent*.

Miscellaneous No.

*Electronically filed*

<u>**CHASE BANK USA, N.A.'S**</u>
<u>**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**</u>
<u>**DISCOVERY FROM M. HARVEY REPHEN & ASSOCIATES, P.C.**</u>

Christina Guerola Sarchio
Amisha R. Patel
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

*Attorneys for Movant Chase Bank USA, N.A.*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................. 2

      A.    Discovery in the New Jersey Action Reveals Suspicious Circumstances
            Related to the Filing of the Lawsuit by the Rephen Firm. ..................... 2

      B.    The Rephen Firm Evades the Subpoena. ............................................... 4

III.  JURISDICTION AND VENUE ........................................................................ 6

IV.   ARGUMENT ..................................................................................................... 7

      A.    Chase Properly Seeks Relevant Evidence. ........................................... 8

      B.    The Subpoena's Demands Are Reasonable. .......................................... 9

      C.    Chase Cannot Obtain This Discovery From Other Sources. ............... 10

      D.    The Subpoena Is Not Unduly Burdensome. ........................................ 11

      E.    Chase Properly Served The Subpoena. ............................................... 12

V.    CONCLUSION ............................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Abreu v. Receivable Collection Servs., LLC*,
   No. 18-cv-04103 (PKC) (LB), 2019 WL 1876722 (E.D.N.Y. Apr. 26, 2019) ............... 7, 9-10

*Application of Sumar*, 123 F.R.D. 467 (S.D.N.Y. 1988) ................................................................8

*Beare v. Millington*,
   No. 07-CV-3391 (ERK)(MDG), 2010 WL 234771 (E.D.N.Y. Jan. 13, 2010) .......................13

*Calabro v. Stone*,
   224 F.R.D. 532 (E.D.N.Y. 2004) ............................................................................................8

*Covey Oil Co. v. Cont'l Oil Co.*,
   340 F.2d 993 (10th Cir. 1965), *overruled on other grounds as recognized in
   Boughton v. Cotter Corp.*, 10 F.3d 746 (10th Cir. 1993) ......................................................11

*Diversified Indus., Inc. v. Vinyl Trends, Inc.*,
   Civil Action No. 13-6194 (JBS/JS), 2016 WL 6897783 (D.N.J. Nov. 22,
   2016) ......................................................................................................................................9

*E. Point Sys., Inc. v. Maxim*,
   2015 WL 1971453 (D. Conn. Apr. 30, 2015) .........................................................................8

*Greene v. Paramount Pictures Corp.*,
   No. 14-cv-1044 (JS)(SIL), 2016 WL 4398432 (E.D.N.Y. July 22, 2016) ..............................7

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address
   69.120.35.31*,
   No. MISC 08-347(ARR)(MDG), 2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010).....................11

*Jalayer v. Stigliano*,
   No. CV 10-2285 (LDH) (AKT), 2016 WL 5477600 (E.D.N.Y. Sept. 29, 2016)....................8

*JMC Rest. Holdings, LLC v. Pevida*,
   No. 14 Civ. 6157 (WFK)(VMS), 2015 WL 2240492 (E.D.N.Y. May 12, 2015)....................7

*Katz v. Mezzi Mktg., LLC*,
   No. 18-MC-2122 (NGG), 2018 WL 4087923 (E.D.N.Y. Aug. 27, 2018)..............................13

*MacCartney v. O'Dell*,
   No. 14-cv-3925 (NSR), 2017 WL 766906 (S.D.N.Y. Feb. 27, 2017) .....................................8

*Rand v. Am. Ins. Co.*,
   No. 11-cv-3040 (CBA)(MDG), 2012 WL 628321 (E.D.N.Y. Feb. 27, 2012) .......................13

*Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*,
  09-CV-0121, 2016 WL 3080807 (E.D.N.Y. May 27, 2016) ....................................................8

*Ultradent Prods., Inc. v. Hayman*,
  No. M8-85 RPP, 2002 WL 31119425 (S.D.N.Y. Sept. 24, 2002) ......................................4, 13

**STATUTES**

15 U.S.C § 1692, *et seq.*..................................................................................................................10

47 U.S.C. § 227, *et seq.*...................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1)................................................................................................................7, 8

Fed. R. Civ. P. 30(b)(6)..............................................................................................................4, 12

Fed. R. Civ. P. 37(a)........................................................................................................................7

Fed. R. Civ. P. 37(a)(1)....................................................................................................................6

Fed. R. Civ. P. 37(a)(2)....................................................................................................................6

Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii) ...................................................................................................1

Fed. R. Civ. P. 45............................................................................................................................8

Fed. R. Civ. P. 45(b)(1)..................................................................................................................13

Fed. R. Civ. P. 45(b)(2)..................................................................................................................13

Fed. R. Civ. P. 45(b)(4)..................................................................................................................13

Fed. R. Civ. P. 45(c)......................................................................................................................11

Fed. R. Civ. P. 45(c)(1)(a) ..............................................................................................................7

Fed. R. Civ. P. 45(c)(2)(a) ..............................................................................................................7

Fed. R. Civ. P. 45(d)(2)(B) ........................................................................................................6, 11

Fed. R. Civ. P. 45(d)(2)(B)(i) ..................................................................................................1, 6, 7

Fed. R. Civ. P. 45(g) ..................................................................................................................1, 7

## I.    INTRODUCTION

Chase Bank USA, N.A. ("Chase")[1] hereby moves to compel the deposition of third party M. Harvey Rephen & Associates, P.C. (the "Rephen Firm") and the production of pertinent documents in connection with a subpoena duly served in New York to a New York entity for documents and deposition testimony (the "Subpoena" or "May 8 Subpoena") regarding pending litigation in the U.S. District Court for the District of New Jersey, captioned *Malka Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA (D.N.J.) (the "New Jersey Action").  *See* Fed. R. Civ. P. 45(g), 45(d)(2)(B)(i), 37(a)(3)(B)(i)-(ii).  Though a representative from the Rephen Firm, M. Harvey Rephen, acknowledged receipt of the duly served Subpoena prior to the dates of compliance, the Rephen Firm ignored the Subpoena in its entirety—failing to serve any objections, file a motion to quash or modify the subpoena, or move for protective order.  The Rephen Firm thus did not timely comply with the Subpoena because it (1) failed to produce the documents requested by May 23, 2019; and (2) failed to appear for the duly noticed deposition scheduled for May 28, 2019.  These failures deprive Chase of an effective opportunity to obtain critical non-privileged information relevant to the New Jersey Action that will assist Chase in defending against this case and proving its affirmative defenses, and discovery of this evidence is not available through other means.  Moreover, the Rephen Firm is no stranger to receiving subpoenas and having courts enforce them, as discussed more fully below.  Accordingly, Chase respectfully requests this Court order production of the requested documents as well as the Rephen Firm's attendance at a narrowly focused deposition of four hours, limited to topics fairly within the scope of the pending matter.

---

[1]     Chase Bank USA, N.A. is incorrectly named in the operative complaint in the underlying action, *Malka Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA (D.N.J.), as JP Morgan Chase & Co.

## II.     FACTUAL BACKGROUND

### A.     Discovery in the New Jersey Action Reveals Suspicious Circumstances Related to the Filing of the Lawsuit by the Rephen Firm.

Plaintiff Malka Lasry in the New Jersey Action alleges that Chase violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by placing autodialed calls to her cell phone number.  Decl. of Amisha R. Patel dated June 3, 2019 ("Patel Decl.") Ex. 1 ¶ 25 (New Jersey Action Compl.).  The case was filed by the Rephen Firm, with attorney Edward B. Geller, identified as Of Counsel to the Rephen Firm, appearing in the case.  Patel Decl. Ex. 1 at 1. Discovery has revealed that Ms. Lasry's husband, Yehuda Rosenberg, maintained a Chase bank account as well as multiple Chase credit cards, and Chase attempted to contact him regarding his accounts at a telephone number he provided to Chase.  The number Mr. Rosenberg provided to Chase is the same number that is the subject of Ms. Lasry's complaint.  Deposition testimony from Ms. Lasry and Mr. Rosenberg revealed that the cell phone was jointly used by both of them.  In addition, shortly after the initiation of the New Jersey Action by Ms. Lasry, Mr. Rosenberg filed for bankruptcy to discharge his outstanding debts, including debts owed to Chase.

Through the course of Chase's investigation and discovery in the New Jersey Action, questions arose surrounding the initiation of the action, leading Chase to believe that Ms. Lasry's suit was instituted as part of a scheme involving the Rephen Firm and third party credit and/or debt repair entities.    Specifically, Chase discovered that a sizable payment was made in Mr. Rosenberg's name to Kimi Sion LLP—a company that holds itself out as being able to resolve debt, shortly before Ms. Lasry's alleged revocation of consent to autodialed calls from Chase. Despite this payment to Kimi Sion LLP, both Mr. Rosenberg and Ms. Lasry testified that they did not recall the transaction.  Patel Del. Ex. 2 at 60:6-61:5 (Rosenberg Dep. Trans.); Patel Decl. Ex.

3 at 97:2-10 (Lasry Dep. Trans.). The Rephen Firm, however, has a connection, as it represented Kimi Sion LLP's owner, Sion Abadi, in at least two TCPA cases also in the District of New Jersey.[2]

Thus, Chase issued Rule 45 subpoenas for documents and deposition testimony to Kimi Sion LLP, and duly noticed the deposition for a corporate representative to appear on May 14, 2019, in New Jersey. No documents were produced and no corporate representative for the entity appeared for deposition on the appointed day and at the appointed hour. Patel Decl. Ex. 19 at 4:1-12:8 (Sion Dep. Trans.). Chase proceeded with the deposition to record the non-appearance, and during a break defense counsel called the company's owner, Sion Abadi. *Id.* Mr. Abadi answered the call and stated that he was out of the country indefinitely, he was the only person who could testify as a corporate representative for Kimi Sion LLP, he did not intend to appear for the deposition or produce responsive documents, and he did not conduct business with either the Plaintiff Malka Lasry or her husband Yehuda Rosenberg. *Id.*

Chase's investigation also revealed that the Rephen Firm filed a separate lawsuit on Mr. Rosenberg's behalf.[3] However, Mr. Rosenberg testified that he neither knew about nor consented to this lawsuit, and did not retain the Rephen Firm in this or any other instance. Patel Decl. Ex. 2 at 124:9-132:8 (Rosenberg Dep. Trans.). Accordingly, Chase determined that subpoenaing the Rephen Firm was the only way to understand the facts and circumstances surrounding the New Jersey Action, to evaluate the legitimacy of Ms. Lasry's suit and the credibility of the witnesses, and to obtain evidence in support of its defenses against the lawsuit.

---

[2] *See Sion Abadi v. Citibank, N.A. & Macy's, Inc.*, No. 3:17-cv-04962-BRM-TJB (D.N.J.) (filed July 6, 2017); *Sion Abadi v. Wells Fargo Capital One Fin. Corp.*, No. 3:16-cv-05429-FLW-LHG (D.N.J.) (filed Sept. 7, 2016).

[3] *Yehuda Rosenberg v. G.C. Servs. LP*, No. OCN-DC-009259-17 (N.J. Super. Ct. Law Div.) (filed Aug. 24, 2017).

**B.      The Rephen Firm Evades the Subpoena.**

On May 8, 2019, Chase sought discovery from the Rephen Firm through a Rule 45 subpoena prior to the expiration of the fact discovery deadline in place at the time.[4]  The Subpoena required the Rephen Firm to produce a corporate representative for deposition at Dechert LLP's New York City offices on May 28, 2019 and to produce specified documents by May 23, 2019. Patel Decl. Ex. 4 at 1 (Subpoena); *see* Fed. R. Civ. P. 30(b)(6).  Chase timely and properly served the Subpoena on the Rephen Firm on May 8, 2019 via certified mail to the address listed for the firm with the New York Department of State.  Patel Decl. Ex. 5 (L. Lopez Certificate of Service); Patel Decl. Ex. 6 (NYS Dep't of State Record); *Ultradent Prods., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, *3-4 (S.D.N.Y. Sept. 24, 2002).  Chase also noticed the Subpoena to Ms. Lasry's counsel, Edward B. Geller—Of Counsel to the Rephen Firm—prior to its service later that day.  Patel Decl. Ex. 7 (May 8, 2019 Email to E. Geller).  Though service via certified mail alone was sufficient,[5] Chase also attempted to serve the Rephen Firm via process server on multiple occasions between May 8 and 16, 2019.  Patel Decl. Ex. 8 (A. Bartley Aff.); Patel Decl. Ex. 9 (A. Chambers Aff.).  Each time Chase attempted service at the Rephen Firm's business address, no one would accept service.  Patel Decl. Ex. 8 (A. Bartley Aff.); Patel Decl. Ex. 9 (A. Chambers Aff.).  As a courtesy, counsel for Chase, Amisha R. Patel, emailed a copy of the Subpoena on May 15, 2019 to M. Harvey Rephen, the Chief and Principal Executive Officer of the Rephen Firm.  Patel Decl. Ex. 10 (May 15, 2019 Email to M. Rephen).  Receiving no response

---

[4]      On May 31, 2019, the close of fact discovery in the New Jersey Action was extended to June 30, 2019, so that Chase could bring this Motion to Compel.  *Malka Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA, Dkt. 16 (D.N.J.).  Dispositive motions in the New Jersey Action are to be filed by June 21, 2019.  *Id.* at Dkt. 14.

[5]      *Ultradent Prods., Inc.*, 2002 WL 31119425 at *3-4.

from Mr. Rephen, on May 21, 2019, Ms. Patel also re-sent the Subpoena to Mr. Geller, inquiring whether Chase should expect to receive documents responsive to the Subpoena and whether a representative from the Rephen Firm would appear for deposition.  Patel Decl. Ex. 11 (May 21, 2019 Email to E. Geller).

The next day, on Wednesday, May 22, 2019, Ms. Patel received a telephone call from Mr. Rephen himself.  Mr. Rephen called at 10:34 a.m. EST from a New York area code and initially inquired about another TCPA matter his law firm had filed against Chase also pending in the District of New Jersey.  Patel Decl. Ex. 12 at 2 (May 22, 2019 Letter to M. Rephen).  During their call, Ms. Patel inquired about the outstanding Subpoena in the New Jersey Action.  *Id.* at 2-3.  Mr. Rephen responded that while he was the corporate representative with the relevant information, he was out of the country indefinitely (despite calling from a New York line and although a receptionist in the office noted to the process server that she saw Mr. Rephen several days ago); thus, neither he nor anyone else from the Rephen Firm would appear for the deposition. *Id.*; Patel Decl. Ex. 8 (A. Bartley Aff.).  Mr. Rephen claimed that similar subpoenas had been issued to him and quashed.  Patel Decl. Ex. 12 at 2 (May 22, 2018 Letter to M. Rephen).  Chase, however, learned that similar subpoenas have in fact been issued and enforced against Mr. Rephen and his firm.  *E.g.*, Patel Decl. Ex. 13 at 2-3 (September 5, 2018 *Eisner* Order Directing Rephen Compliance); Patel Decl. Ex. 14 (Aug. 28, 2018 Letter from *Eisner* Defendant).  In a letter memorializing the discussion, Ms. Patel proposed Mr. Rephen provide Chase with alternative dates if he wished to reschedule the deposition.  Patel Decl. Ex. 12 at 3 (May 22, 2019 Letter to

M. Rephen).  Mr. Rephen never responded, failing to provide alternative dates or serve objections to the Subpoena.[6]  *See* Fed. R. Civ. P. 45(d)(2)(B).

The Rephen Firm did not produce the requested documents on May 23, 2019 and neglected to appear at the deposition in New York on May 28, 2019.  Patel Decl. Ex. 15 at 3:17-22 (Rephen Dep. Trans.).  Ms. Lasry's counsel, Mr. Geller, likewise did not appear.  *Id.*  On May 29, Ms. Patel emailed Mr. Rephen another letter offering to further meet and confer regarding his firm's obligations under the Subpoena and reminding him of Chase's earlier offer to continue the deposition to another date.  Patel Decl. Ex. 16 at 1-2 (May 29, 2019 Letter to M. Rephen).  Mr. Rephen again did not respond.  Ms. Patel informed Mr. Geller of Chase's intention to move to compel the appearance of a corporate representative and for the production of pertinent documents.  Patel Decl. ¶ 18.  Chase now seeks the Court's assistance to compel.

## III.   JURISDICTION AND VENUE

This Motion to Compel is properly brought in the Southern District of New York.  If a non-party fails to produce documents in compliance with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents.  *See* Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i).  Per Rule 45, the serving party is required to move to enforce a subpoena in "the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Rule 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").  Because Chase properly seeks to depose the

---

[6]   Because the Subpoena was properly served by certified mail on May 8, 2019, objections were due on May 23, 2019. Patel Decl. Ex. 4 at 1 (Subpoena); *see* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").

Rephen Firm at Dechert LLP's New York office[7] and, therefore, "compliance is required in Manhattan, this motion is properly brought in the Southern District of New York." *Greene v. Paramount Pictures Corp.*, No. 14-cv-1044 (JS)(SIL), 2016 WL 4398432, *2 (E.D.N.Y. July 22, 2016); *see also JMC Rest. Holdings, LLC v. Pevida*, No. 14 Civ. 6157 (WFK)(VMS), 2015 WL 2240492, *2-5 (E.D.N.Y. May 12, 2015) (concluding that a motion to compel compliance with a Rule 45 subpoena that called for compliance in Manhattan could be filed only in the Southern District of New York).

## IV.   ARGUMENT

Chase asks the Court to compel compliance with the May 8 Subpoena, specifically compelling the production of the requested documents and the production of a representative of the Rephen Firm to appear for a narrowly focused deposition of four hours pursuant to Rules 37(a) and 45(d)(2)(B)(i).[8]   Chase duly served a valid subpoena, seeking information that goes to the heart of the New Jersey Action and Chase's defenses thereto. *See* Fed. R. Civ. P. 26(b)(1).

---

[7]   The Rephen Firm is located at 703 3rd Avenue, 6th Floor, New York, New York. *E.g.*, Patel Decl. Ex. 6 at 1 (NYS Dep't of State Record). The Subpoena seeks compliance at Dechert LLP's office at Three Bryant Park, 1095 Avenue of the Americas, New York, New York. Patel Decl. Ex. 4 at 1 (Subpoena). This location easily satisfies Rule 45's requirement that the place of compliance be within 100 miles of where the subpoenaed person "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(a), (2)(a).

[8]   Though Chase currently seeks only an order compelling compliance with the subpoena, Chase reserves the right to seek a contempt order under Rule 45(g), which permits the Court to hold the Rephen Firm in contempt for "fail[ing] without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Chase's motion would not be the first such motion against the Rephen Firm. Motions for sanctions have been brought against Mr. Rephen for bringing questionable claims, filing lawsuits on behalf of individuals without their approval, and for improperly paying third parties for legal referrals. *See, e.g.*, Patel Decl. Ex. 18 at 10 (Oct. 29, 2018 *Eisner* Defendant's Memo. re: Atty. Fees Against the Rephen Firm); *Abreu v. Receivable Collection Servs., LLC*, No. 18-cv-04103 (PKC) (LB), 2019 WL 1876722, at *1 (E.D.N.Y. Apr. 26, 2019).

Notwithstanding these facts, the Rephen Firm has ignored the Subpoena in its entirety—failing to serve objections prior to the date of compliance or timely move to quash or modify the subpoena, failing to produce responsive documents, and failing to appear for deposition.  It is well settled that a non-party who "did not raise any timely objections" to or move to quash a subpoena to produce documents "waived [its] right" to object.  *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, 09-CV-0121, 2016 WL 3080807, *7 (E.D.N.Y. May 27, 2016); *Application of Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (ruling that failure to timely object to a subpoena "constitute[d] a waiver of any objections.").  But even setting aside the Rephen Firm's waiver, the Court should enforce this Subpoena because it seeks relevant evidence that cannot be obtained from other sources, makes reasonable demands, is not unduly burdensome, and was properly served.  *Jalayer v. Stigliano*, No. CV 10-2285 (LDH) (AKT), 2016 WL 5477600, *2-4 (E.D.N.Y. Sept. 29, 2016) (compelling nonparty deposition testimony where the information sought was relevant and material); *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004) (compelling compliance with a subpoena where the material sought was relevant and the subpoena was not unduly burdensome); *see generally* Fed. R. Civ. P. 45.

### A.      Chase Properly Seeks Relevant Evidence.

A subpoena may properly seek information that is relevant to a party's claims or defenses. Fed. R. Civ. P. 26(b)(1); *E. Point Sys., Inc. v. Maxim*, 2015 WL 1971453, *2 (D. Conn. Apr. 30, 2015) ("The scope of discovery permitted under a Rule 45 subpoena is the same as that permitted under Rule 26.").  "[T]he scope of discovery under Rule 26(b) is 'very broad.'" *MacCartney v. O'Dell*, No. 14-cv-3925 (NSR), 2017 WL 766906, *3 (S.D.N.Y. Feb. 27, 2017) (quoting *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992)).  "[A] request for discovery is considered relevant if there is a possibility that the information sought may be

relevant to the [sic] 'any party's claim or defense.'" *Id.* (quoting *Henry Morgan's Hotel Grp., Inc.*, 15-cv-1789, 2016 WL 303114, at \*3 (S.D.N.Y. Jan. 25, 2016) (emphasis removed)).

Chase has asserted a defense of unclean hands and also asserted the defense that Chase had prior express consent to call the telephone number at issue.  Patel Decl. Ex. 17 at 5-6 (Chase Answer in New Jersey Action).  Under New Jersey law, the doctrine of unclean hands "gives expression to the equitable principle that a court should not grant relief to one who is a wrongdoer with respect to the subject matter in suit." *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, Civil Action No. 13-6194 (JBS/JS), 2016 WL 6897783, at \*9 (D.N.J. Nov. 22, 2016) (quoting *Borough of Princeton v. Bd. of Chosen Freeholders of Mercer Cty.*, 777 A.2d 19, 32 (N.J. 2001)).  The discovery sought via the Subpoena is reasonably calculated to uncover facts that could support Chase's belief that Ms. Lasry has come to the suit with unclean hands and that she has pursued the litigation in bad faith in connection with a scheme by the Rephen Firm.  In fact, the likelihood that such discovery will actually be uncovered is substantiated by the allegations concerning similar schemes in other lawsuits filed by the Rephen Firm, and by the related fact discovery ordered in those actions, as discussed below.  Patel Decl. Ex. 18 at 5-9 (Oct. 29, 2018 *Eisner* Defendant's Memo. re: Atty. Fees Against the Rephen Firm); *cf.* Patel Decl. Ex. 13 at 2-3 (Sept. 5, 2018 *Eisner* Order Directing Rephen Compliance with Subpoena and Awarding Fees) (ordering the Rephen Firm to sit for a deposition regarding these allegations)

### B.  The Subpoena's Demands Are Reasonable.

The Rephen Firm's tactics and motive have been questioned in the recent past for not only bringing cases on behalf of plaintiffs referred to it by credit repair companies who were improperly compensated for the referral, but for filing lawsuits without a party's consent. *See, e.g.*, Patel Decl. Ex. 18 at 10 (Oct. 29, 2018 *Eisner* Defendant's Memo. re: Atty. Fees Against the Rephen Firm); *Abreu v. Receivable Collection Servs., LLC*, No. 18-cv-04103 (PKC) (LB), 2019 WL 1876722, \*1

(E.D.N.Y. Apr. 26, 2019).  For instance, in *Eisner*, the defendant is seeking legal fees and sanctions after uncovering a ploy by the Rephen Firm to manufacture claims under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (the "FDCPA"), working in tandem with a credit repair specialist to manufacture these claims, and providing the credit repair specialist a financial interest in the manufactured claims by providing compensation associated with their pursuit.  Patel Decl. Ex. 18 at 5-9 (*Eisner* Memo. re Atty. Fees).  In the face of these allegations, the court issued an order to show cause as to why the Rephen Firm should not be sanctioned under Rule 11.  *Eisner v. Enhanced Recovery Co., LLC*, No. 1:17-cv-01240-LDH-ST (E.D.N.Y.) (May 9, 2019 and May 15, 2019 orders listed on docket).

Chase has strong reasons to believe a similar scheme is afoot in the New Jersey Action. Thus, Chase tailored its requests to explore the scope of the Rephen Firm's arrangements and relationships with third party entities Chase reasonably believes are part of the Rephen Firm's scheme.  *See generally* Patel Decl. Ex. 4 (Subpoena).  Moreover, Chase is not seeking privileged information, as Mr. Rosenberg unequivocally testified that he did not hire the Rephen Firm or consent to a lawsuit filed by the Rephen Firm on his behalf, Ms. Lasry similarly testified that the Rephen Firm did not represent her husband, and no engagement letter between the Rephen Firm and Mr. Rosenberg was produced in response to Chase's discovery requests in the New Jersey Action.  Patel Decl. Ex. 2 at 124:9-132:8 (Rosenberg Dep. Trans.); Patel Decl. Ex. 3 at 128:22-136:18) (Lasry Dep. Trans.); Patel Decl. ¶ 24.

### C.    Chase Cannot Obtain This Discovery From Other Sources.

As Chase does not serve a subpoena against a law firm lightly, Chase first attempted to discover the evidence it seeks here from other parties, without success.  Chase subpoenaed the third party debt specialist, Kimi Sion LLP, for documents and deposition, but no documents have been produced, no witness appeared for deposition, and when counsel for Chase telephoned the

number listed for Sion Abadi in the TCPA complaint filed by the Rephen Firm, Mr. Abadi responded that he was out of the country indefinitely and had no intent to comply with the duly served subpoena on his company.  Patel Decl. Ex. 19 at 4:1-12:8 (Sion Dep. Trans.).  Moreover, raising even more questions, Mr. Abadi further stated that he did not conduct business with either the plaintiff or her husband.  *Id.*  Thus, Chase has no other recourse but to ask this Court to compel the information it seeks.  *See Covey Oil Co. v. Cont'l Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) ("[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another."), *overruled on other grounds as recognized in Boughton v. Cotter Corp.*, 10 F.3d 746, 749 (10th Cir. 1993).

**D.    The Subpoena Is Not Unduly Burdensome.**

The document production request within the Subpoena is not unduly burdensome on the Rephen Firm.  Chase permitted fifteen days from the service of the Subpoena for the production of a limited number of documents, which is generally viewed as a reasonable time for compliance, and in any event the Rephen Firm could have produced in the intervening time prior to its deposition.  *See* Fed. R. Civ. P. 45(d)(2)(B) (permitting objections to document production requests "before the *earlier* of the time specified for compliance or 14 days after the subpoena is served" (emphasis added)); *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347(ARR)(MDG), 2010 WL 2219343, *5 (E.D.N.Y. Feb. 5, 2010) ("[M]any courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45[(d)(2)(B)].").

The request for a deposition of a corporate representative in New York is likewise not burdensome.  *See* Fed. R. Civ. P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business).  The Rephen Firm itself—the subpoenaed

person—is registered in New York with its offices located just a few blocks away from Dechert LLP's Manhattan offices, the place of compliance. *Compare* Patel Decl. Ex. 6 at 1 (NYS Dep't of State Record); Patel Decl. Ex. 20 at 1 (Rephen Firm Webpage) (listing the Rephen Firm's offices as being at the same location in New York), *with* Patel Decl. Ex. 4 at 1 (Subpoena) (listing the place of compliance as a few blocks away from the Rephen Firm's location).

Mr. Rephen's claim that he is not in the country also rings hollow as he called Chase's counsel from a New York telephone number during U.S. business hours on May 22, 2019. Patel Decl. Ex. 12 at 2 (May 22, 2019 Letter to M. Rephen). Under similar facts, a sister court compelled Mr. Rephen's appearance for a deposition despite his likewise representations that he was out of the country, ultimately sanctioning him for failure to comply with that Order. Patel Decl. Ex. 14 at 2-3 (*Eisner* Defendant's Aug. 28, 2018 Letter re: Rephen Noncompliance and Sanctions); Patel Decl. Ex. 21 at 10 (Sept. 4, 2018 Letter on Behalf of Rephen Regarding Subpoena Noncompliance); Patel Decl. Ex. 13 at 2-3 (Sept. 5, 2018 *Eisner* Order Directing Rephen Compliance with Subpoena and Awarding Fees) (awarding defendant fees and costs in noticing and serving the deposition subpoena and related motion to compel, ordering M. Harvey Rephen to appear to testify on behalf of the Rephen firm, and warning that "Mr. Rephen's failure to comply will result in additional sanctions"). Regardless, Mr. Rephen's travel should not prevent the production of documents, and he could also choose another corporate representative and educate that person regarding the deposition topics. Fed. R. Civ. P. 30(b)(6). Chase has offered to be flexible with the date of compliance, and would even be open to a video deposition, but Mr. Rephen has refused to so much as engage in discussion.

### E.     Chase Properly Served The Subpoena.

Chase effected proper service by sending the Subpoena via certified mail to the address the Rephen Firm has provided to the New York Department of State and its clients. Patel Decl. Ex. 5

(L. Lopez Certificate of Service); Patel Decl. Ex. 6 at 1 (NYS Dep't of State Record); Patel Decl. ¶ 22. Such service "reasonably insures actual receipt of the subpoena by the witness," and thus satisfies the "'delivery' requirement of Rule 45.'" *Ultradent Prods., Inc.*, 2002 WL 31119425 at*3-4 (quoting *Cordius Trust v. Kummerfeld*, No. 99 civ. 3200, 2000 WL 10268, *1 (S.D.N.Y. Jan. 3, 2000)). Tellingly, Mr. Rephen himself admitted to having received the Subpoena, Patel Decl. Ex. 12 at 2-3 (May 22, 2019 Letter to Rephen), revealing the Rephen Firm's "awareness of the subpoena[] and the requirement that it respond thereto." *Katz v. Mezzi Mktg., LLC*, No. 18-MC-2122 (MGG), 2018 WL 4087923, *3 (E.D.N.Y. Aug. 27, 2018). Though not required by the Rules,[9] Chase even attempted to serve Mr. Rephen personally on multiple occasions, at the address listed for process with the New York Department of State, in addition to effecting service by mail. Patel Decl. Ex. 8 (A. Bartley Aff.); Patel Decl. Ex. 9 (A. Chambers Aff.). But on each occasion, the process server was thwarted by doormen, receptionists, and a general refusal to permit entry. Patel Decl. Ex. 8 (A. Bartley Aff.); Patel Decl. Ex. 9 (A. Chambers Aff.). Under such circumstances, the Rephen Firm has been properly served and is obligated to comply with the Subpoena. Because the Rephen Firm has failed to comply with the Subpoena, despite actual knowledge and proper service, this Court should grant Chase's Motion to Compel. *See Rand*, 2012 WL 628321 at *1 n.1 (requiring compliance with the subpoena at the risk of contempt sanctions

---

[9]  Courts in this Circuit have repeatedly found that Rule 45(b)(1)'s directive that the subpoena be "deliver[ed]" does not require personal service. *E.g.*, *Rand v. Am. Ins. Co.*, No. 11-cv-3040 (CBA)(MDG), 2012 WL 628321, *1 n.1 (E.D.N.Y. Feb. 27, 2012) ("Rule 45 only requires delivery which reasonably ensures actual receipt by a witness."); *Beare v. Millington*, No. 07-CV-3391 (ERK)(MDG), 2010 WL 234771, *3-4 (E.D.N.Y. Jan. 13, 2010) (finding subpoenas served by certified mail were valid and proper); *Ultradent Prods., Inc.*, 2002 WL 31119425, *3-4 ("[S]ervice by certified mail was sufficient."). Indeed, Rule 45(b)(4)—which dictates that proof of service must specify the "manner of service"—would be rendered superfluous if Rule 45(b)(2) permitted only personal service because the "manner of service" would always be personal. *Id.*

where the subpoena was served in a manner that "reasonably ensure[d] actual receipt by the witness.").

## V.       CONCLUSION

For the foregoing reasons, Chase asks the Court to compel the Rephen Firm to comply with Chase's Subpoena, specifically ordering the Rephen Firm to produce the requested documents and a corporate representative of the Rephen Firm to appear for a narrowly focused deposition of four hours at a mutually convenient date and time before June 21, 2019.

Dated: June 3, 2019                         */s/ Amisha R. Patel*
                                            Amisha R. Patel
                                            Christina Guerola Sarchio
                                            DECHERT LLP
                                            1900 K Street, NW
                                            Washington, DC 20006-1110
                                            Tel: (202) 261-3300
                                            Fax: (202) 261-3333
                                            christina.sarchio@dechert.com
                                            amisha.patel@dechert.com

                                            *Attorneys for Movant Chase Bank USA,*
                                            *N.A.*

14