**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHASE BANK USA, N.A., | 1:19-mc-275-GHW |
| *Movant,* | |
| v. | *Electronically filed* |
| M. HARVEY REPHEN & ASSOCIATES, P.C., | |
| *Respondent.* | |

<u>**CHASE BANK USA, N.A.'S MEMORANDUM OF LAW**</u>
<u>**IN SUPPORT OF MOVANT'S APPLICATION FOR AN ORDER TO SHOW CAUSE**</u>
<u>**WHY RESPONDENT SHOULD NOT BE HELD IN CONTEMPT**</u>

Christina Guerola Sarchio
Amisha R. Patel
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

Selby P. Brown (*pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
selby.brown@dechert.com

*Attorneys for Movant Chase Bank USA, N.A.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.    PROCEDURAL HISTORY & FACTUAL BACKGROUND ......................... 2

    A.    Chase Issues and Respondent Evades the Subpoena. ........................... 2

    B.    Chase Seeks this Court's Assistance to Secure Respondent's Compliance with the Subpoena. ........................................................ 3

    C.    The Court Orders Compliance with the Subpoena. ............................. 3

    D.    Respondent Employs Delay Tactics and Ultimately Disobeys the Order. ........... 4

III.    LEGAL STANDARD ................................................................................... 6

IV.    ARGUMENT ............................................................................................... 7

    A.    Respondent Has Violated the Court Order. ........................................ 8

        1.    The Order Is Clear and Unambiguous. ..................................... 8

        2.    The Evidence of Respondent's Noncompliance Is Clear and Convincing. ........... 9

            a.    Respondent's Noncompliance with the Order Regarding the Document Production Is Clear and Convincing. .......................... 9

            b.    Respondent's Noncompliance with the Order Regarding the Deposition Is Clear and Convincing. ................................... 10

        3.    Respondent Did Not Diligently Attempt to Comply in a Reasonable Manner. ........... 12

    B.    Chase Has Been Damaged by Respondent's Violation. ..................... 13

    C.    The Court Should Hold Respondent in Contempt and Impose Coercive and Compensatory Sanctions. ........................................ 13

        1.    Chase Has Been Damaged by Respondent's Violation. ......................... 14

        2.    Other Sanctions. ..................................................................... 16

V.    CONCLUSION ........................................................................................... 17

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. YARP Rest., Inc.*,
No. 94 Civ.7543(CSH)(RLE), 1997 WL 47785 (S.D.N.Y. Feb. 6, 1997) .............................15

*Beruashvili v. Hobart Corp.*,
No. CV 2005-1646(ENV)(MDG), 2006 WL 2289199 (E.D.N.Y. Aug. 8,
2006) ...........................................................................................................................6

*Casale v. Kelly*,
710 F. Supp. 2d 347 (S.D.N.Y. 2010).......................................................................16

*CBS Broad. Inc. v. FilmOn.com, Inc.*,
814 F.3d 91 (2d Cir. 2016).................................................................................6, 7

*Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*,
No. 07 CIV. 3635 (DC), 2008 WL 3852046 (S.D.N.Y. Aug. 13, 2008)................................13

*Gesualdi v. Hardin Contracting Inc.*,
No. 09-cv-0683 (SJF) (AKT), 2016 WL 2654068 (E.D.N.Y. May 6, 2016) .......................6, 7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012)..................................................................................12

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*,
369 F.3d 645 (2d Cir. 2004).................................................................................6, 14

*Themis Capital v. Democratic Republic of Congo*,
No. 09 Civ. 1652 (PAE), 2014 WL 4379100 (S.D.N.Y. Sept. 4, 2014)................................15

*Waterkeeper Alliance Inc. v. Spirit of Utah Wilderness, Inc.*,
No. 10-cv-1136 (NSR), 2017 WL 4386376 (S.D.N.Y. Oct. 2, 2017) .....................................16

**STATUTES**

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* .......................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6).........................................................................................................3

Fed. R. Civ. P. 45................................................................................................................2

Fed. R. Civ. P. 45(g)...........................................................................................................6

S.D.N.Y. R. 83.6................................................................................................................2, 6

i

## I.    INTRODUCTION

Chase Bank USA, N.A. ("Chase")[1] hereby submits an application for an order to show cause why Respondent M. Harvey Rephen & Associates, P.C. (the "Rephen Firm" or "Respondent") should not be held in contempt for failing to comply with this Court's July 15, 2019 Order (the "Order").  The Order required Respondent to produce by July 23, 2019 all documents responsive to a subpoena duly served by Chase on May 8, 2019 (the "Subpoena") and/or a detailed privilege log, and to produce a corporate representative for a deposition to be held no later than July 30, 2019.  ECF No. 23.[2]

Instead of producing documents and/or a privilege log on the Court-ordered date of July 23rd, Respondent sent counsel for Chase a one-page letter.  Respondent represented that it "w[ould] not be able to comply with the Order directing it to provide all documents responsive to the Subpoena," and further, that Respondent's principal, M. Harvey Rephen, was "willing" to appear for deposition by telephone, but that he intended to invoke his Fifth Amendment privilege against self-incrimination during the deposition.  Declaration of Amisha R. Patel dated July 31, 2019 ("Patel Decl.") Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).  Respondent's flagrant disobedience of the Order is the latest in a string of evasion tactics by Respondent to skirt court orders requiring it to submit to discovery.[3]  It is now clear, particularly when looking at Respondent's *modus operandi* in other cases, that Respondent never intended to provide discovery to Chase here, yet forced Chase to needlessly spend time and money pursuing this information.   Accordingly, Chase respectfully requests the Court hold Respondent in

---

[1]      Chase Bank USA, N.A. is incorrectly named in the operative complaint in the underlying action, *Malka Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA (D.N.J.), as JP Morgan Chase & Co.

[2]      All "ECF" citations refer to the docket in this case.

[3]      *See, e.g.*, *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 42 at 1 (E.D.N.Y. Oct. 9, 2018) (detailing the Rephen Firm's disobedience of discovery orders in another case).

contempt and issue monetary sanctions pursuant to Rule 45(g) of the Federal Civil Rules of Civil

Procedure, Rule 83.6 of the Local Rules of the U.S. District Courts for the Southern and Eastern

Districts of New York, and the Court's inherent authority.

## II.  PROCEDURAL HISTORY & FACTUAL BACKGROUND

### A.  Chase Serves and Respondent Evades the Subpoena.[4]

This miscellaneous action stems from a proceeding in the District of New Jersey, captioned

*Malka Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA (D.N.J.) (the "New Jersey

Action").  There, Plaintiff Malka Lasry (the "Plaintiff") alleges that Chase violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by placing autodialed calls to her

cell phone number.  ECF No. 13-1 ¶ 25 (New Jersey Action Compl.).  The case was filed by

Respondent, with attorney Edward B. Geller, identified as Of Counsel to the Rephen Firm,

appearing for the Plaintiff.  *Id.* at 1, 7.  Through the course of Chase's investigation and discovery

in the New Jersey Action, questions arose surrounding the initiation of the action and Chase thus

determined that it was necessary to seek discovery concerning its affirmative defense of Unclean

Hands.  *See generally* ECF No. 18-1 at 4-17 (Chase's Mem. in Resp. to Pl.'s Mot. for Voluntary

Dismissal in the New Jersey Action).

After receiving conflicting testimony from the Plaintiff and her husband, and additional

discovery efforts being thwarted by a third party, on May 8, 2019, before the close of discovery,

Chase sought discovery from Respondent through a Rule 45 subpoena.  The Subpoena required

Respondent to produce a corporate representative for deposition at Dechert LLP's New York City

---

[4]     Chase detailed its need for the discovery in the Subpoena and Respondent's evasion of the Subpoena in
        Chase's June 14, 2019 application for an order to show cause, which it incorporates by reference.  ECF No.
        12 at 2-8.

offices on May 28, 2019 and to produce specified documents by May 23, 2019.  ECF No. 13-4 at 1 (Subpoena); *see* Fed. R. Civ. P. 30(b)(6).  Respondent did not produce the requested documents on May 23, 2019, failed to appear at the deposition in New York on May 28, 2019, and neither served objections nor moved for a protective order.  ECF No. 15 at 3:17-22, 9:13-15 (Rephen Dep. Trans.).

**B.      Chase Seeks this Court's Assistance to Secure Respondent's Compliance with the Subpoena.**

On June 3, 2019, Chase moved to compel discovery of M. Harvey Rephen & Associates, P.C. before this Court.  ECF Nos. 1–4.  On June 6, 2019, this Court directed Chase to file its request to compel compliance with the Subpoena as a show cause order.  ECF No. 6.  On June 14, 2019, Chase applied for an Order to Show Cause Why Respondent Should Not Be Ordered to Comply with the Outstanding Rule 45 Subpoena.  ECF Nos. 11–13.  Respondent filed its opposition thereto on July 2, 2019.[5]  ECF No. 16.  And Chase replied on July 9, 2019.  ECF Nos. 17, 18.

**C.      The Court Orders Compliance with the Subpoena.**

The Court held a show cause hearing on July 12, 2019, at which Respondent was represented by Edward B. Geller.  Patel Decl. Ex. 2 (July 12, 2019 Hr'g Tr.).  At the hearing, the Court invited Mr. Geller to explain Respondent's undue burden argument.  *Id.* at 6:12-14.  But Mr. Geller "presented [the Court] with no information regarding the quantum of burden associated with" the Subpoena, even though the Court "asked about that several times."  *Id.* at 8:1-4.  The Court found that the information sought by the Subpoena was relevant, *id.* at 11:14-23, and that the Subpoena was not overly broad, *id.* at 11:24-12:9.  As a result, the Court "order[ed] the Rephen

---

[5]      As this Court observed at the July 12, 2019 hearing, "the Rephen firm, despite service of the subpoena, never moved to object to or to quash or otherwise modify the subpoena."  Ex. 2 at 10:6-8 (July 12, 2019 Hr'g Tr.).

firm to comply with the subpoena in its entirety" and explicitly "overrul[ed] any objections with respect to burden or over-breadth."[6]  *Id.* at 15:5-9.

In determining the timing for compliance, the Court heard Respondent's representations that the Rephen Firm's principal was located in Israel and assisting his son with a medical issue. *Id.* at 16:6-13.  After considering this information, the Court ordered Respondent to produce all requested documents or an appropriate privilege log by July 23, 2019 and by July 30, 2019, to produce "a properly prepared representative of the Rephen firm [to] appear for a deposition with respect to the topics that are designated in the 30(b)(6) deposition." *Id.* at 20:19-21:2.  The Court issued the Order outlining these requirements on July 15, 2019.  ECF No. 23 (July 15, 2019 Order) (the "Order").  The Court made clear that Respondent's "[f]ailure to comply with the Order may result in any number of sanctions, including financial penalties as well as civil contempt."  Patel Decl. Ex. 2 at 21:15-17 (July 12, 2019 Hr'g Tr.); *accord* ECF No. 23 (July 15, 2019 Order).

### D.    Respondent Employs Delay Tactics and Ultimately Disobeys the Order.

On July 15, 2019, Chase counsel Amisha R. Patel emailed counsel for Respondent to schedule a video deposition between July 25 and July 30, 2019.  Patel Decl. Ex. 3 (Email Correspondence Between A. Patel and E. Geller).  Ms. Patel received no response.  *Id.*  On July 22, 2019, Ms. Patel sent a follow-up email again inquiring about Mr. Rephen's availability for a deposition between July 25 and July 30, 2019.  *Id.*  Approximately an hour later, counsel for

---

[6]       The Court also concluded the Subpoena was properly served in light of the evidence of service provided by Chase and the Respondent's waiver of any service argument by failing to raise the issue in its opposition to Chase's application for an order to show cause.  Patel Decl. Ex. 2 at 8:23-9:3 (July 12, 2019 Hr'g Tr.); *see also* ECF No. 12 at 13-15 (Chase's Mem. of Law in Support of Its Application to Show Cause) (detailing Chase's service of the Subpoena on the Rephen Firm).  In any event, there can be no dispute that Respondent has at all relevant times been aware of the Subpoena and the instant action, given that, among other things, (1) the Rephen Firm's principal discussed the Subpoena with counsel for Chase prior to the initial dates of compliance, ECF No. 13-12 at 1-2; (2) Respondent filed a response to Chase's June 14, 2019 Application for an Order to Show Cause, ECF No. 16; and (3) Respondent appeared through counsel at the July 12, 2019 hearing, Patel Decl. Ex. 2 (July 12, 2019 Hr'g Tr.).

Respondent responded that "Mr. Rephen has decided to appeal Judge Woods's Order." *Id.* He further asked for Chase's consent to his "application to the Court for a 30 day extension of the deadlines in the Order to allow time for the filing of the appeal and a motion for a stay pending the appeal." *Id.* Before Chase's counsel could respond, Respondent moved to extend the date to comply with the Subpoena. ECF No. 26; Patel Decl. ¶ 20. The Court denied the request, reaffirming the deadlines in the Order. ECF No. 27.

Respondent did not produce any documents or a privilege log on the designated date. Instead, counsel for Respondent emailed Ms. Patel a letter. Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel). The letter stated that Respondent "will not be able to comply with the Order directing it to provide all documents responsive to the Subpoena by today, July 23, 2019." *Id.* Respondent explained that compliance was not possible because Mr. Rephen is the sole employee of the firm and he is currently in Israel with his son who is undergoing medical treatments, *id.*, notwithstanding counsel's representation at the July 12, 2019 hearing that Respondent also employs an office manager, and Respondent's production of pertinent business records in its Opposition to Chase's June 14, 2019 Application seeking Respondent's compliance with the Subpoena. ECF No. 16, 16-1 (Exhibits to Respondent's Opposition to Chase's Application for an Order to Show Cause); Patel Decl. Ex. 2 at 17:8-11 (July 12, 2019 Hr'g Tr.). The letter further represented that Mr. Rephen would be "willing to appear for a deposition by telephone, from Israel," but then clarified that "[a]t the deposition, Mr. Rephen will invoke his fifth amendment right against self incrimination [sic]." Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).

On July 24, 2019, Chase informed the Court of Respondent's stated intent to disobey the Order and improper invocation of the Fifth Amendment, and the Court granted Chase "leave to move by Order to Show Cause to hold Respondent in civil contempt."  ECF No. 29.

## III.   LEGAL STANDARD

"The contempt power serves to 'protect[] the due and orderly administration of justice and [to] maintain[] the authority and dignity of the court.'"  *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)) (alterations in original).  Under Rule 45, this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g); *cf.* Local R. 83.6 (providing the procedure for seeking contempt).  "Indeed, the judicial power to hold a non-party . . . in contempt is the primary mechanism by which a court can enforce a subpoena."  *Beruashvili v. Hobart Corp.*, No. CV 2005-1646(ENV)(MDG), 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006).

Respondent may be held in civil contempt if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner."  *CBS Broad. Inc.*, 814 F.3d at 98; *accord Gesualdi v. Hardin Contracting Inc.*, No. 09-cv-0683 (SJF) (AKT), 2016 WL 2654068, *2 (E.D.N.Y. May 6, 2016).

If contempt is established, the Court may impose "civil contempt sanctions," which "may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged."  *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004).  When imposing fines on the contemnor to secure compliance and vindicate the court's power, *i.e.*, coercive sanctions, "the court has 'broad discretion to design a remedy that will bring about compliance.'"  *Id.* (quoting *Perfect Fit Indus.*

*v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)).  When imposing compensatory sanctions, "the sanction should correspond at least to some degree with the amount of damages."  *Id.* at 658 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995)).  Compensatory sanctions may include "reasonable attorneys' fees and costs . . . incurred in attempting to secure the production of the subpoenaed documents" and appearance at a deposition.  *Gesualdi*, 2016 WL 2654068 at *2; *accord Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) ("The district court . . . may award appropriate attorney fees and costs to a victim of contempt.").[7]

## IV.   ARGUMENT

Respondent's conduct easily satisfies the requirements for contempt: (1) the Order clearly and unambiguously requires compliance with the Subpoena by certain dates, (2) the proof of non-compliance is clear and convincing, indeed, Respondent itself sent a letter clarifying that it would not be complying with the Order, and (3) Respondent has not diligently attempted to comply, instead seeking to evade the Subpoena by seeking an extension of deadlines to appeal the Order the day before the first deadline.

The Court should impose both compensatory and coercive monetary sanctions in connection with the contempt.  Respondent never intended to comply with Chase's Subpoena, but rather than move for a protective order, Respondent has instead obfuscated Chase's efforts to obtain discovery and evaded the Order, which has caused Chase damages both in its ability to defend itself in the New Jersey Action and in the significant costs it has been required to undertake to secure compliance with the Subpoena.  And given that Respondent's disobedience of the Order

---

[7]   Contempt sanctions would also be appropriate against Mr. Rephen himself given that the Order is being disregarded at his direction.  "Even when corporate officers are not a party to the original action, if they 'prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.'" *CBS Broad. Inc.*, 814 F.3d at 100 (quoting *NLRB v. Hopwood Retinning Co.*, 104 F.2d 302, 305 (2d Cir. 1939)).

is part of a larger pattern and practice of evading similar orders and the high likelihood that Respondent will continue to flout orders of this Court, compliance sanctions are also warranted, at least until Respondent purges itself of contempt by complying with the Subpoena.

**A.    Respondent Has Violated the Court Order.**

Respondent's misconduct satisfies all three elements of the contempt standard.

**1.    The Order Is Clear and Unambiguous.**

The July 15, 2019 Order leaves no room for doubt about what the Court required of Respondent. *See* ECF No. 23 (Order). It required Respondent to "provide all documents responsive to the Subpoena no later than July 23, 2019, and for all documents not produced based on a claim of privilege, provide a detailed privilege log by that same date." *Id.* It further required Respondent to "produce a corporate representative for deposition to be held no later than July 30, 2019." *Id.* The Court explicitly admonished that "[f]ailure by Respondent to comply with this order may result in sanctions, including financial penalties and civil contempt." *Id.*

Respondent knew and understood what was required of it. Part of this understanding was exhibited by the request for a 30-day extension of the Order's deadlines. *See* ECF No. 26 (Respondent's July 22, 2019 Request for Extension). In that filing, Respondent recognized the upcoming deadlines in the Order and sought a 30-day extension of those deadlines to "allow time to file a Notice of Appeal and a Motion for a Stay pending the decision on the appeal."[8] ECF No. 26. Moreover, Respondent recognized what it risked by failing to comply with the Order, observing that "the Order provides for sanctions, including financial penalties and civil contempt, in the event of failure by Respondent to comply with the order." *Id.* Respondent's understanding

---

[8]    At the time of this filing, Respondent has yet to file either a Notice of Appeal or a Motion for a Stay Pending Appeal, suggesting the request for an extension was yet another delay tactic employed by Respondent.

of the requirements of the Order is further exhibited by the letter sent by Mr. Geller to Chase's counsel on July 23, 2019.  Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).  Respondent expressly stated that it "will not be able to Comply with the Order," making clear that it understood what the Order required.  *Id.*

**2.      The Evidence of Respondent's Noncompliance Is Clear and Convincing.**

Respondent has unambiguously and willfully failed to comply with the Order with respect to both the document production and the deposition requirements.

a.      *Respondent's Noncompliance with the Order Regarding the Document Production Is Clear and Convincing.*

Respondent ignored the Court's requirements to produce documents and to sit for a deposition.  As to the documents, Respondent simply stated, without an affidavit or other evidentiary proof, that it "will not be able to comply with the Order directing it to provide all documents responsive to the Subpoena by today, July 23, 2019."  Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).  Its excuses for this failure are that (1) "Mr. Rephen is currently in Israel with his son who is undergoing medical treatments" and (2) Mr. Rephen "does not have access to the documents being subpoenaed."  *Id.*  The Court, however, already rejected the first excuse during the July 12, 2019 hearing. Ex. 2 at 16:6-17 (July 12, 2019 Hr'g Tr.).  As for the second excuse, at the July 12, 2019 hearing, Mr. Geller said he had "no knowledge of what [Mr. Rephen's] abilities are" while he operates from Israel when asked directly by the Court whether Mr. Rephen had access to firm files while abroad.  *Id.* at 18:18-22. The Court specifically remarked that this was "less information than [the Court] would expect counsel to have at this hearing."  *Id.* at 20:6-9.  Now, without any detail, Respondent is claiming that Mr. Rephen has "does not have access to the documents being subpoenaed."  Patel Decl. Ex. 1 (Letter from E. Geller to C. Sarchio and A. Patel on July 23, 2019).

9

Not only does Respondent's claim that it does not have access to the requested records lack detail, it is implausible for at least three reasons.  First, Respondent attached responsive documents to its July 2, 2019 filing with this Court opposing Chase's application seeking compliance with the Subpoena.  These documents included a settlement agreement purportedly between Plaintiff's husband, Yehuda Rosenberg, and a company he sued, and a check from Respondent to Rosenberg reflecting Rosenberg's payout from that settlement.  ECF No. 16 at 10-14; ECF No. 16-1 at 2.  That Respondent was able to submit those documents to this Court indicates access to the pertinent records and an ability to timely produce them.  Second, when another courts demanded a similar production, Mr. Rephen complied, notwithstanding representations that Mr. Rephen resided in Israel at the time.  *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 36 at 2, 3 (E.D.N.Y. Aug. 17, 2018).  Third, in other cases, Respondent has described Mr. Rephen's New York City office as a "virtual office."  *Id.* at 5 ("[Mr. Rephen] *resides* outside of the U.S. (in Israel) and has done so since 1995.  He is only rarely in the U.S., and maintains only a virtual office in New York.").  If the New York office is a virtual one and Mr. Rephen lives in Israel, the inescapable conclusion is that Mr. Rephen is operating that virtual New York office from Israel.  Especially in the digital age, it proves too much to believe that Mr. Rephen lacks access to the requested documents just because he is physically located in Israel.

> b.    *Respondent's Noncompliance with the Order Regarding the Deposition Is Clear and Convincing.*

Respondent has likewise disobeyed this Court's instruction to produce "a corporate representative for deposition to be held no later than July 30, 2019."  ECF No. 23.  In Respondent's July 23, 2019 letter to Chase, Respondent represented that Mr. Rephen "is willing to appear for a deposition, by telephone, from Israel, pursuant to the Court's Order."  Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).  But the letter was quick to clarify that "[a]t

10

the deposition, Mr. Rephen will invoke his fifth amendment right against self incrimination [sic]." *Id.* A deposition at which Mr. Rephen refuses to answer Chase's questions in not compliant with this Court's Order as it is tantamount to not having a deposition at all. In fact Mr. Rephen himself recognizes this, as he previously sought to be excused from depositions before on the grounds that he will simply invoke the Fifth Amendment. *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 38 at 1 (E.D.N.Y. Aug. 1, 2018).

More importantly, however, Mr. Rephen knows that he is not permitted to invoke the Fifth Amendment in response to questions posed to him in his capacity as the corporate representative for the Rephen Firm. In a separate action, Mr. Rephen attempted this same stunt when confronted with a subpoena aimed at uncovering his scheme to manufacture claims. Judge LaShann DeArcy Hall ordered the Rephen Firm to produce its corporate designee for a deposition by August 2, 2018. *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 32 at 2 (E.D.N.Y. Aug. 1, 2018). Mr. Rephen first agreed to appear, and then while opposing counsel was boarding their flight to depose him, cancelled the deposition. *Id.* at 2-3. Another deposition was scheduled, after Mr. Rephen's failures were raised with the court again, but this time Mr. Rephen sought to avoid the deposition on the grounds that he would invoke the Fifth Amendment. *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 38 at 1-2 (E.D.N.Y. Aug. 1, 2018).

Judge Hall firmly rejected the Rephen Firm's request to avoid the deposition on privilege grounds given that "[i]t is well established that corporations have no Fifth Amendment privilege." *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), text only order (E.D.N.Y. Sept. 8, 2018). Indeed, the Second Circuit has made clear "this rule includes small or solely owned corporations," and that "a corporation may not refuse to submit to a Rule 30(b)(6) deposition, or

11

to turn over corporate records, on the grounds that such acts may tend to incriminate it." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 n.5 (2d Cir. 2012).

But the Rephen Firm took no heed of Judge Hall's ruling.  Instead, Mr. Rephen appeared for the deposition and invoked the Fifth Amendment "with respect to the vast majority of the questions posed by [opposing] counsel." *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 42 at 1 (E.D.N.Y. Oct. 9, 2018).  "The only questions that Mr. Rephen answered on behalf of the Rephen Firm were to identify himself, his bar admissions, and the address of the Rephen Firm's virtual office." *Id.* at 1-2.  Relevant here, the transcript reflects that Mr. Rephen invoked his "Fifth Amendment privilege" with respect to questions including whether the Rephen Firm has any other employees, whether the Rephen Firm has any offices outside New York City, how many times he had been in the United States in the last twelve months, and what Mr. Geller's relationship to the Rephen Firm is.  *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 44-1 at 11:7-19:8 (E.D.N.Y. Oct. 9, 2018).  Because of this conduct, Respondent is the subject of a pending motion for sanctions in *Eisner*.  *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), ECF No. 48 (E.D.N.Y. Oct. 9, 2018).

In short, Respondent knows what the Order required and violated it nonetheless.

### 3.     Respondent Did Not Diligently Attempt to Comply in a Reasonable Manner.

Respondent has made no effort whatsoever to comply with the Order.  To the contrary, the day before discovery was due, Respondent stated its intention to appeal the Order.  ECF No. 26 (July 22, 2019 Request for Extension).  When the effort to seek a stay pending appeal failed, Respondent claimed—without supporting detail and for the first time—that it lacked access to the requested records.  Patel Decl. Ex. 1 (July 23, 2019 Letter from E. Geller to C. Sarchio and A. Patel).  Respondent also rejected Chase's compromise offer to conduct the deposition by video,

instead stating that it would agree only to a telephone deposition. *Id.* Even then, Respondent stated that Mr. Rephen would be invoking his Fifth Amendment rights—despite knowing that he cannot do so when testifying as a corporate representative. *Id.*; *Eisner v. Enhanced Recovery Sol., LLC*, No. 17-civ-1240 (LDH) (ST), text only order (E.D.N.Y. Sept. 8, 2018). Under these facts, there is no question that Respondent did not diligently attempt to comply in a reasonable manner. Indeed, "[b]y failing to comply with the subpoena and defying [this Court's] order," Respondent has "shown an utter disregard for the judicial process," which "provides grounds for imposing sanctions." *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, No. 07 CIV. 3635 (DC), 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008).

**B.** **The Court Should Hold Respondent in Contempt and Impose Coercive and Compensatory Sanctions.**

The misconduct of Respondent before this Court is not an outlier. In connection with at least three separate lawsuits, Respondent has been ordered to show cause why it should not be sanctioned for bringing cases that lack evidentiary support. *See Alcivar v. Enhanced Recovery Co.*, No. 1:17-cv-02275-ILG-LB, text only order (E.D.N.Y. May 9, 2019) (requiring the Rephen Firm to show cause why it should not be sanctioned for bringing a case without evidentiary support); *Eisner v. Enhanced Recovery Sol., LLC.*, No. 17-civ-1240 (LDH) (ST), text only orders (E.D.N.Y. May 9, 2019, May 15, 2019) (same); *Abreu v. Receivable Collection Servs., LLC*, No. 18-cv-04103 (PKC) (LB), ECF No. 20 (E.D.N.Y. April 26, 2019) (same). In fact, when Respondent was subpoenaed in *Eisner*, which involved similar allegations of a scheme to manufacture claims, Respondent engaged in evasive tactics that are identical to those being employed here, as described above.

Given the damages sustained by Chase as a result of Respondent's willful conduct and the likelihood that Respondent will continue to defy this Court's orders, sanctions are necessary here

both "to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 657. As established above, Respondent has acted willfully and with full knowledge that it is disobeying an order of the Court. Chase respectfully requests that the Court award Chase the attorney fees and costs that it has sustained in bringing this action and to impose any other sanctions the Court deems appropriate to secure compliance with the Subpoena.

### 1.    Chase Has Been Damaged by Respondent's Violation.

Respondent's continued and willful disobedience of the Subpoena and the Order has damaged Chase by forcing it to incur costs and fees to obtain compliance. Because the Rephen Firm refused to comply with the Subpoena, Chase was forced to bring an action before this Court, which has resulted in significant fees and costs:

- After discounts, Chase paid approximately $35,490.31 in fees for 51 hours of attorney time and $1,987.80 for 9.2 hours of staff time, for a total of $37,478.11, that Chase's counsel, Dechert LLP, spent in May seeking the discovery and moving to compel after Respondent failed to appear at the deposition, Patel Decl. ¶ 32;

- Chase incurred approximately $50,459.90 in fees for 68.5 hours of attorney time, $4,607.70 for 18.1 hours of staff time, and $563.03 for costs, for a total of $55,630.63, in connection with the time Dechert LLP spent in June related to Chase's June 3, 2019 Motion to Compel and Chase's June 14 Application for an Order to Show Cause Why Respondent Should Not Be Ordered to Comply with the Outstanding Rule 45 Subpoena, Patel Decl. ¶ 33;

- Dechert LLP estimates that Chase will incur approximately $65,000 for fees and costs, in connection with the time Dechert LLP spent in July on its Reply in Support of the

Application for an Order to Show Cause Why Respondent Should Not Be Ordered to

Comply with the Outstanding Rule 45 Subpoena, preparing for and attending the July

12, 2019 hearing, responding to Respondent's attempts to evade the Order, and

preparing for this Application for an Order to Show Cause Why Respondent Should

Not Be Held in Contempt, Patel Decl. ¶ 34.

In total, this represents approximately $158,108.75 in fees and costs related to the initial

enforcement of the Subpoena and the subsequent efforts to achieve compliance.

Dechert's rates are reasonable. The attorney billers in this matter are Christina G. Sarchio,

Amisha R. Patel, and Selby P. Brown, whose hourly rates are $886.50, $765.00, and $688.50,

respectively. Patel Decl. ¶¶ 28-30; *see also id.* (outlining the qualifications of these attorneys).

Dechert staff's billing rates range between approximately $160 and $355 per hour, depending on

their position, skills, and experience. Patel Decl. ¶ 31. Tellingly, in approving Dechert's fee

request in a breach of contract case, a court in this jurisdiction noted two significant facts. *See*

*Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at

*7 (S.D.N.Y. Sept. 4, 2014) (Engelmayer, J.). First, "billing rates substantially above those

charged here, including partner billing rates in excess of $1,000 an hour, are by now not uncommon

in the context of complex commercial litigation." *Id.* Second, the fact that "the plaintiff . . . has

paid Dechert's bills in full at these rates supplies a form of market confirmation as to their

reasonableness." *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany

& Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) ("The reasonable hourly rate is

the rate a paying client would be willing to pay.")); *Anderson v. YARP Rest., Inc.*, No. 94

Civ.7543(CSH)(RLE), 1997 WL 47785, at *2 (S.D.N.Y. Feb. 6, 1997) ("The best evidence of a

reasonable fee rate is the amount actually charged by counsel . . . ."). To the extent Respondent

contends to the contrary, Chase would be happy to provide the invoices for an *in camera* inspection in support of the reasonableness of Dechert's fees if it will further assist the Court.

## 2. Other Sanctions.

Although it is unlikely that Respondent will ever meaningfully respond to Chase's discovery requests, the Court may also consider imposing coercive sanctions to secure Respondent's compliance. *See, e.g.*, *Casale v. Kelly*, 710 F. Supp. 2d 347, 364 (S.D.N.Y. 2010) (imposing coercive sanctions based on the contemnor's pattern of violating an injunction). For example, the Court may order that Respondent be fined at a rate of $500.00 per day if Respondent has not fully complied with the Subpoena by a date within two weeks of the Court's order resulting from the show cause hearing on this matter. Such fines should be payable to the Court, and should continue until Respondent has purged its contempt by complying with both the document production and deposition aspects of the Subpoena, including by not invoking the Fifth Amendment in response to questions posed. *Waterkeeper Alliance Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-cv-1136 (NSR), 2017 WL 4386376, *4 (S.D.N.Y. Oct. 2, 2017), *appeal filed* 17-3568 (2d Cir. Oct. 31, 2017) (explaining that fines remain civil in character so long as "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket'" (*quoting New York State NOW v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998)).

Given the Court's "wide discretion" in fashioning a contempt sanction, the Court might also consider directing an adverse inference stemming from the requested discovery in this case, or, given Respondent and Mr. Rephen's conduct here and in other cases, referring the matter to the New York State Bar. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (quoting *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)).

## V.      CONCLUSION

For the foregoing reasons, Chase asks the Court to issue an order requiring Respondent to show cause why it should not be held in contempt and required to pay monetary sanctions, and further, to hold Respondent in contempt, award Movant attorney's fees and costs in connection with this proceeding, and grant whatever other relief the Court deems appropriate in light of Respondent's conduct.

Dated: July 31, 2019

/s/ Amisha R. Patel
Amisha R. Patel
Christina Guerola Sarchio
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
amisha.patel@dechert.com
christina.sarchio@dechert.com

Selby P. Brown (pro hac vice)
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19104
Tel: (215) 994-4000
Fax: (215) 994-2222
selby.brown@dechert.com

Attorneys for Movant Chase Bank USA, N.A.