USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHASE BANK USA., N.A.,

        *Movant*,

  -against-

M. HARVEY REPHEN & ASSOCIATES, P.C.,

        *Respondent*.

1:19-mc-275-GHW

MEMORANDUM OPINION AND ORDER

---

GREGORY H. WOODS, United States District Judge:

Movant Chase Bank USA ("Chase") initiated this action on June 3, 2019, seeking an order compelling M. Harvey Rephen & Associates, P.C. (the "Rephen Firm") to comply with a subpoena that Chase issued in connection with litigation that was pending before the District of New Jersey, *Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA (D.N.J.). This Court ordered the Rephen Firm to comply, and the Rephen Firm ignored this Court's order. The Court has already sanctioned the Rephen Firm for this failure. Chase now seeks the attorney's fees and costs it incurred in moving to compel the Rephen Firm's compliance. Because the Court finds that the Rephen Firm's failure to comply with the court order was willful, the Court GRANTS Chase's motion for attorney's fees and costs.

    **I.    BACKGROUND**

This opinion is the latest installment in a saga originally chronicled in the Court's prior decision sanctioning the Rephen Firm for failing to comply with a Court order to respond to Movant's subpoena. *See* Sanctions Op., Dkt. No. 38. The Court refers the reader back to that

decision for a more complete retelling of the relevant facts. But, as a reminder, this action arises out of a proceeding in the District of New Jersey where a plaintiff, represented by Respondent, alleged that Chase violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* by placing autodialed calls to her cell phone number. Mot. to Compel, Dkt. No. 3, at 2; *see also Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776-PGS-DEA, 2020 WL 1666157, at *1 (D.N.J. Apr. 3, 2020). Chase sought discovery from the Rephen Firm in support of its affirmative defense of unclean hands. Mot. to Compel, at 3. The Rephen Firm failed to comply with Chase's subpoena, and, after a full round of briefing and oral argument, the Court stated on the record that it would be issuing an order directing the Rephen Firm to comply with the Subpoena. Dkt. No. 24, 21:13–17. On July 15, 2019, the Court issued that order (the "Order"). Dkt. No. 23.

The Rephen Firm never complied with the Order. Again, after a full round of briefing and oral argument, the Court found that the Rephen Firm did not diligently attempt to comply with the Court's order, held the Rephen Firm in civil contempt, and ordered it to pay a coercive fine of $100 for each subsequent day of non-compliance after August 19, 2019, increasing to $500 per day on September 3, 2019. *See* Sanctions Op., at 7, 9.

The story continued to unfold. On October 10, 2019, Mr. Geller submitted a declaration in the underlying New Jersey proceeding stating that the plaintiff had permanently moved to Israel and was moving under Federal Rule of Civil Procedure 41(a)(2) to dismiss her case. Dkt. No. 47-1. The New Jersey court dismissed the action on October 17, 2019, but reserved jurisdiction over Chase's outstanding motions for sanctions, attorney's fees, and costs based on "the underlying conduct by plaintiff and her counsel in that case." Dkt. No. 41.

Because the Rephen Firm had still not complied with the Order and had not paid any of the contempt fines that had accrued, Chase asked this Court for a pre-motion conference on October 25, 2019. *See* Dkt. No. 41. The Court held a telephone conference with the parties on October 30,

2019.  Dkt. No. 44.[1]  During the conference, Mr. Geller reiterated the same excuses as to the Rephen Firm's inability to comply with the subpoena that the Court had previously rejected.  Specifically, Mr. Geller proffered that "[t]he only reason more the Rephen firm has not complied with the subpoenas and the discovery demands and the previous order of the Court is that . . . Mr. Rephen is out of the country [and] there is no other employee or individual who has any of the records from the firm."  Dkt. No. 44, at 4:24–5:8.  Furthermore, Mr. Geller stated that Mr. Rephen "does not have the funds" to pay the Court-ordered sanctions because "his business has slowed down significantly from what it was; and he's not in a position to pay anything right now."  Dkt. No. 44, at 6:4–5.

On November 22, 2019, Chase moved for a contempt judgment and an award of attorney's fees and costs in the amount of $231,441, as well as the $23,400 in contempt sanctions.[2]  *See* Dkt. No. 48.  Chase additionally requests that the Court issue a writ of execution and turnover order, and order the Rephen Firm to provide an accounting of assets and transfer assets necessary to satisfy judgment if necessary.  *See* Dkt. No. 48.  In its papers, Chase notes that, following the Court's sanctions opinion, Respondent—acting through Mr. Geller—filed at least two new TCPA claims against Chase with the American Arbitration Association ("AAA").  *See* AAA Filings, Exs. 4-6 to Decl. of Christina G. Sarchio in Supp. of Def.'s Mot. for Contempt J. ("Sarchio Decl."), Dkt. Nos. 47-4, 47-5, 47-6.  Respondent opposed Chase's motion on December 15, 2019, *see* Dkt. No. 52, and Chase replied on December 20, 2019.  *See* Dkt. No. 53.

---

[1] The Court noted on the record that since the New Jersey dispute was dismissed on October 17, 2019, contempt sanctions would stop accruing as of that date.  *See* Dkt. No. 44, 10:2–15.

[2] Chase asks the Court to award it "[t]he total of $23,400 in fines accrued between August 20, and October 17 2019 as a result of Respondent's daily contempt."  Mot. for Contempt J., Dkt. No. 48, at 1–2.  But the Court, not Chase, is entitled to these unpaid fees.  *See* Dkt. No. 38, at 9 ("[T]he Rephen Firm shall pay to *the Court* a coercive fine of $100 for each subsequent day of non-compliance, escalating to $500 per day per day 14 days after August 19, 2019.") (emphasis added).

## II. LEGAL STANDARD

A court may hold a party in civil contempt for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). Imposing civil contempt sanctions serves two purposes: "secur[ing] future compliance with court orders" and "compensat[ing] the party that has been wronged." *Paramedics Electomedicina Comercial, Ltda.*, 369 F.3d at 657. The compensatory goal of civil contempt sanctions is "met by awarding to the plaintiff any proven damages." *Weitzman v. Stein*, 98 F.3d 717, 719, 720 (2d Cir. 1996). Damages are warranted because the purpose of compensatory sanctions is "to make reparation to the injured party and restore the parties to the position they would have held had the [order] been obeyed." *Medina v. Buther*, No. 15 Civ. 1955 (LAP), 2019 WL 581270, at *26 (S.D.N.Y. Feb. 13, 2019) (quoting *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)). Either goal can be met by a court awarding attorneys' fees and costs to a contempt victim. *Weitzman*, 98 F.3d at 719.

The Court need not find that the party's violation of a court order was willful to award fees and costs, but "a finding of willfulness strongly supports granting them." *Id.* In fact, "a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs to the victim of contempt." *Id.*; *see also New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1343 (2d Cir. 1989) ("It is well settled in this Circuit that costs, including reasonable attorney's fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior."). And "[e]ven when corporate officers are not a party to the original action, if they 'prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than

the corporation itself, are guilty of disobedience, and may be punished for contempt.'" *FilmOn.com, Inc.*, 814 F.3d at 100.

### III. ANALYSIS

#### A. Willfulness

The Court has already found that the Rephen Firm has ignored the Court's clear and unambiguous Order to comply with the subpoena. *See* Sanctions Op. at 7. The Court now finds that this conduct was willful.

A contemnor's conduct is willful if he "had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *New York State Nat'l Org. for Women v. Terry*, 952 F. Supp. 1033, 1044 (S.D.N.Y 1997) (citation omitted), *aff'd*, 159 F.3d 86 (2d Cir. 1998); *see also Bear U.S.A., Inc. v. Kim*, 71 F. Supp. 2d 237, 249–50 (S.D.N.Y. 1999); *Mingoia v. Crescent Wall Sys.*, No. 03 Civ. 7143 (THK), 2005 WL 991773, at *5 (S.D.N.Y. Apr. 26, 2005) (finding evidence of willful contempt where defendants made no good faith effort to comply with judgment, offered no reasonable excuse for their non-compliance, and gave no assurances as to future compliance).

Respondent's conduct satisfies the willfulness standard. The Rephen Firm had actual notice of the Court's Order; the Court held oral argument twice in open court regarding the enforceability of the subpoena. Mr. Geller acknowledged the existence of the Order multiple times. *See* Aug. 14, 2019 Hearing Transcript ("Hr'g Tr.") at 9:1–10:25; Dkt. No. 44, at 4–5. At no point did Respondent seek to have the Order modified. And Mr. Geller conceded that Respondent made no efforts to find someone to comply with the subpoena. Hr'g Tr. at 14.

The Court also finds that Respondent was able to comply with the Order. With respect to the document production, the Court has already found Respondent's assertion that Mr. Rephen— "the only person who can answer on behalf of Respondent"—being in Israel does not prevent it

5

from producing responsive documents. *See* Sanctions Op., at 5–6. Respondent did not have its counsel Mr. Geller review the records located in New York. Moreover, the firm continued to bring arbitration actions against Chase since this Court's earlier opinion, *see* AAA Filings, and the firm had—until the Court ordered compliance with the subpoena—an office manager with access to the subpoenaed documents. Hr'g Tr. at 4:3–7. Respondent was able to produce a corporate representative for deposition for largely the same reasons. Mr. Geller agreed in open court that Respondent could identify an alternate corporate representative to be deposed. *See* Hr'g Tr. at 14:12–24. Respondent could have assigned Mr. Geller or any other agent of the firm as its corporate representative. Respondent instead chose not to. Given its notice of the Order, its ability to comply with the Order, its failure to seek modification of the Order, and the absence of a good faith effort to comply, the Court finds that Respondent's non-compliance satisfies the willfulness standard.

Mr. Rephen has also personally willfully disobeyed the Order. Mr. Rephen "is the sole individual who . . . runs the firm," Hr'g Tr. at 8:7–8, and is "the person who maintains the [firm's] relevant records," Dkt. No. 13-12. Mr. Rephen "let [the firm's office manager] go" after the Court ordered compliance with the subpoena, and has refused to appoint an agent to produce the relevant documents or appear for a deposition. Hr'g Tr. at 4:3–7; 8:3–9:16; 10:20–11:10. Essentially, Mr. Rephen has "prevent[ed] compliance" with the Order at every turn by "fail[ing] to take appropriate action within [his] power" as the sole owner of the firm. *FilmOn.com, Inc.*, 814 F.3d at 100.

After careful consideration, the Court finds Respondent's counter-arguments unpersuasive. As discussed above and, in more depth, in the Court's prior opinion, Respondent's repeated assertion that Mr. Rephen is out of the country does not absolve it of its duty to comply or otherwise inhibit it from complying with Chase's subpoena. And, as also discussed in this Court's prior opinion, Respondent's assertion that Mr. Rephen would sit for a deposition telephonically but

6

intended to invoke the Fifth Amendment privilege against self-incrimination is meritless because the privilege does not apply to corporations.

In sum, the Court finds both Respondent's and Mr. Rephen's non-compliance willful.

### B. Fees and Costs

Having found that Defendants willfully disobeyed the order, the Court turns to evaluating the requested remedy: namely, awarding Chase its attorneys' fees and costs. *See Cordius Tr. v. Kummerfeld Assocs.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009). A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. Of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Thus, a plaintiff's full payment of bills serves as "a form of market confirmation as to their reasonableness." *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190).

Chase's proposed $227,993 in attorney's fees is reasonable. Dechert LLP is a "full-service global law firm" that is "widely recognized within the legal industry" and "consistently recognized as among the top tier by ranking publications." *See* Sarchio Decl. ¶ 15. Partner Christina Sarchio—who, after over twenty-years of practice, focuses on complex civil litigation—leads the Chase team at Dechert LLP. *See* Sarchio Decl. ¶ 19. Ms. Sarchio is widely recognized as a top litigation attorney and has been named, among other things, "as one of the 'Top 50 Women Lawyers' in Washington D.C. by the Washington Business Journal," as well as "one of the [twelve] 'Leading Lawyers' for General Commercial Disputes by the Legal 500." *See* Sarchio Decl. ¶ 19. The Chase team also consists of senior associate Amisha Patel, who has experience in complex commercial disputes and motion practice, and associate Shelby Brown, who has experience litigating complex commercial disputes and served as a federal judicial law clerk at both the trial and appellate levels. *See* Sarchio

Decl. ¶¶ 20–21.  The team's support staff includes experienced paralegals and research assistants who provide cost-effective assistance for litigation matters.  *See* Sarchio Decl. ¶¶ 22–25.

The lawyers working on the case provided the Court with detailed, contemporaneous timekeeping records.  *See* Chase Fees Billed, Ex. 9 to Sarchio Decl., Dkt. No. 47-9.  These records reveal that Ms. Sarcho reduced her rates while working on this matter.  *See* Chase Fees Billed; *see also* Sarchio Decl. ¶¶ 19, 26.  And Chase has already paid Dechert LLP $227,993 in legal fees.  *See* Sarchio Decl.  ¶ 14; *see also Themis Capital*, 2014 WL 4379100, at *7 (Dechert fees and costs for complex commercial dispute, including hourly rates of "(1) the one partner, $871.04; (2) the one counsel, $742.85; (3) the ten associates, $505.55; (4) the one law clerk, $204.89; and (5) the one staff attorney, $388.23," were reasonable).

Chase's proposed $3,448 in costs is also reasonable.  Ms. Sarchio has provided the Court an itemized list of Chase's incurred costs.  *See* Sarchio Decl. ¶ 28.  Given the six months Chase spent litigating this case and the amount of motion practice required in light of the Rephen Firm's continued failure to comply, the Court finds these costs reasonable.

In sum, the Court finds that awarding Chase $231,441 in attorney's fees and costs is reasonable.

      **C.**     **Enforcement**

Chase has requested that this Court issue a number of orders to aid in Chase's execution of whatever judgment this Court chooses to award it, including an order—in place of a more traditional restraining order—that would require the Rephen Firm to turn property over to this Court until any judgment becomes final.  But Chase has put the cart before the horse, here:  until this Court issues its opinion, there is no judgment to enforce.  Thus, the Court will hold a teleconference to discuss the remainder of Chase's requests, and defers its adjudication on whether to grant them until after that conference.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Rephen Firm and Mr. Rephen willfully failed to comply with the Court's July 15, 2019 Order. The Court orders the Rephen Firm and Mr. Rephen to pay Chase $231,441 in attorney's fees and costs. The Court will hold a teleconference on April 23, 2020 at 3:00 p.m. to discuss the outstanding categories of relief that Chase has requested. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19, available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 46, and enter judgment in favor of Chase in the amount of $231,441.

SO ORDERED.

Dated: April 19, 2020

_____
GREGORY H. WOODS
United States District Judge