```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHASE BANK USA, N.A.                            :
                                                :         19-MC-0275 (GHW) (RWL)
                        Movant,                 :
                                                :
        - against -                             :         ORDER
                                                :
M. HARVEY REPHEN & ASSOCIATES, P.C.             :
                                                :
                        Respondent.             :
                                                :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's response to this Court's order dated June 23, 2021. (Dkt. 94.) Based on review of that letter, the declaration submitted in conjunction with that letter (Dkt. 95), the declaration of Mark Harvey Rephen provided on June 24, 2021, and all prior proceedings. The Court finds and orders as follows:

1. Mr. Rephen has provided information about two purported clients who he indicates have an interest in funds held in the escrow account ending in 9428. Mr. Rephen has not provided, and claims he does not possess or have access to, copies of retainer agreements for either of those clients.

2. Mr. Rephen has indicated that one of the clients, Diana Werner, through her daughter-in-law "has been asking" about the status of the funds due Ms. Werner, although the email attached by Mr. Rephen does not show that, and Mr. Rephen has provided no details about any such inquiries. Mr. Rephen has provided Ms. Warner's last known address.

1

3. Mr. Rephen has indicated that the other client, Jan Konopka, has not responded to numerous attempts to contact him, that Mr. Rephen's office has not been able to reach Mr. Konopka for many years, and that several checks sent to Mr. Konopka were never cashed.  Mr. Rephen has provided Mr. Konopka's last known address.

4. According to the information provided by Plaintiff, the bank statements for the account ending in 9428 show that Mr. Rephen frequently withdrew or transferred funds from the 9428 account for purported business expenses, consultancy expenses, promotion and marketing expenses, and transfers to family members for education expenses, personal expenses, and as gifts.  That is, Mr. Rephen frequently used his purported attorney escrow account for personal and business expenses that are reflective of non-escrow purposes, and improper co-mingling of client and business funds.

5. Mr. Rephen has not provided any documentation or any other evidence to support his statements that funds held in the 9428 account belong to clients of his firm.

6. Accordingly, the Court will proceed with the second step of the turn-over procedure proposed by Plaintiff with some modifications.  A notice in the form attached hereto (the "Notice") shall be executed by Plaintiff counsel, and Plaintiff counsel shall serve Notice on Ms. Werner and Mr. Konopka by first class mail to the addresses provided by the Rephen firm in Mr. Rephen's declaration.  The Notice requires Ms. Werner and Mr. Konopka to intervene in this proceeding within 30 days of the date of the Notice.  Counsel must mail the Notice within 24 hours of the date entered

on the Notice and must file an affidavit of service within 3 days after mailing the Notice.

7. In the event neither purported client intervenes, the Court will proceed with the next steps in the Turnover procedure as proposed by Plaintiff.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 19, 2021
    New York, New York

Copies transmitted this date to all counsel of record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE BANK USA., N.A., <br><br> *Movant,* <br><br> v. <br><br> M. HARVEY REPHEN & ASSOCIATES, P.C. <br><br> *Respondent.* | No. 1:19-mc-00275 (GHW) (RWL) |

**NOTICE OF POTENTIAL ADVERSE INTEREST**

TO [insert name and address of potentially interested party]:

 WHEREAS, in an action in the United States District Court for the Southern District of New York between CHASE BANK USA, N.A., as Movant, and M. HARVEY REPHEN & ASSOCIATES, P.C., as Respondent, who are all the parties named in said action, a judgment that was entered on April 20, 2020 in favor of **"Judgment Creditor"** CHASE BANK USA, N.A. n/k/a JPMORGAN CHASE BANK, N.A. against **"Judgment Debtor"** M. HARVEY REPHEN & ASSOCIATES, P.C. in the amount of $231,441.00 remains due and unpaid.

 WHEREAS, on May 7, 2020, Judgment Debtor's bank accounts with **"Garnishee"** JPMorgan Chase Bank, N.A. were frozen by Judgment Creditor's service of a Restraining Notice pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, forbidding Garnishee to make or suffer any sale, assignment or transfer of, or any interference with, any such property.

 WHEREAS, on April 15, 2021, the Court extended the restraint of Judgment Debtor's bank accounts through November 8, 2021.

 WHEREAS, Judgment Creditor has filed a Motion for Turnover Order in this proceeding and is seeking that Garnishee turnover the currently frozen funds in the following account of Judgment Debtor:

| Account Owner | Account Information |
|---|---|
| M. Harvey Rephen & Associates P.C. <br> 708 3rd Avenue, Floor 6 <br> New York, NY 10017-4119 | IOLTA Account (ending in -9428) |

PLEASE TAKE NOTICE that on May 25, 2021, Judgment Debtor identified YOU as an interested party potentially holding an adverse claim to the funds currently restrained by Garnishee and sought by Judgment Creditor.

TAKE FURTHER NOTICE that YOU are hereby informed that YOU are entitled to assert YOUR adverse claim to property due to YOU from Judgment Debtor with respect to the above-mentioned account.

TAKE FURTHER NOTICE that, to assert your adverse interest, within 30 days from the date of this Notice, YOU must submit to this Court a request to intervene in this proceeding pursuant to subdivision (b) of Section 5225 of the New York Civil Practice Law and Rules, which is set forth in full herein.

## CIVIL PRACTICE LAW AND RULES

Section 5225(b): Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Costs of the proceeding shall not be awarded against a person who did not dispute the judgment debtor's interest or right to possession. Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.

Signed this_____day of July 2021 at_____, New York.

_____
[PLAINTIFF COUNSEL]
[ADDRESS & PHONE]