USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHASE BANK USA, N.A.                   :
                                       :    19-MC-0275 (GHW) (RWL)
              Movant,                  :
                                       :
        - against -                    :    **ORDER**
                                       :
M. HARVEY REPHEN & ASSOCIATES, P.C.    :
                                       :
              Respondent.              :
                                       :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the latest developments in this turnover proceeding concerning funds held in the attorney escrow account known as the "9428 account", established by Respondent (the "Rephen Firm"). By order dated July 19, 2021 (Dkt. 96), the Court set forth a procedure for two known potential claimants to the funds at issue to submit a notice of adverse claim within 30 days. The two potential claimants were Diana Werner and Jan Konopka. By letter dated August 24, 2021 ("August 24 Letter"), Movant notified the Court that Konopka did not submit a notice of adverse claim, while Werner has filed a timely notice of adverse claim (a copy of which is enclosed with Movant's letter). (Dkt. 98.) In her notice of adverse claim, Werner asserts a claim to $13,500 in settlement funds held in escrow by the Rephen Firm. (Dkt. 98-1.)

In its August 24 Letter, Movant raises the issue of whether Werner is entitled to the entirety of the $13,500 in settlement funds or whether one-third that amount (i.e., $4,500) are attorneys' fees payable to the Rephen Firm and therefore subject to turnover to Movant. (By Declaration dated June 24, 2021 (Dkt. 92), Harvey Rephen, principal of the

1

Rephen Firm, represented that his firm's fee in the Werner matter was one-third of the amount collected, a fee which he "never took.")

Movant asks the Court to order Ms. Werner to provide certain information, in particular her attorney-retention agreement for the case in which the settlement funds were paid, so that the Court can assess whether Werner is owed the full amount claimed. Movant proposes that, if the Court is satisfied with the bona fides of Werner's documentation of her adverse claim, then rather than ordering the parties to engage in additional motion practice regarding Werner's claim, the Court order that $9,000 from the Rephen Firms' 9428 account be turned over to Werner. Movant further requests that because no adverse claims other than Werner's have been asserted, the amount of funds in the 9428 account, other than the $13,500 in dispute, be turned over in partial satisfaction of the Court's April 20, 2020 judgment entered against the Rephen Firm at Dkt. 55. That amount is $75,398.21.

Accordingly, the Court orders as follows:

1.   Werner's request to intervene is GRANTED. Werner may appear pro se or through an attorney, which appearance must be made by **September 16, 2021**.

2.    By **September 16, 2021**, Werner shall file with this Court an affidavit or declaration sworn to under the penalty of perjury that attaches true and accurate copies, to the extent Werner has possession, custody, or control, of (a) her retention agreement with the Rephen Firm or any other attorney who represented her in the case of *Diana Werner v. Selene Finance, LLC and Friedman Vartolo, LLP*, No. 17-CV-6514 (S.D.N.Y.), prior to removal, No. 2017-5019 (Sup. Ct. Duchess Cty.); and (b) any other information or documentation Werner believes supports her claim that she is entitled to the entirety

of the $13,500, such that no portion of that amount belongs to the Rephen Firm, or other attorney, as payment of attorneys' fees.

3. If Werner fails to file the requisite information and documentation by **September 16, 2021**, the Court will proceed to make a determination as to the $13,500 that is the subject of her claim.

4. Because no notice of adverse claim has been filed by any party other than Werner, and because her claim is limited to $13,500, Movant is entitled to turnover in the amount of, and is hereby awarded, **$75,398.21**, comprising all funds in the 9428 account, less $13,500, as partial satisfaction of the judgment that Movant obtained against the Rephen Firm. Whether Movant is entitled to turnover of the remaining $13,500 or portion thereof will be determined as set forth in this order.

5. Within two days after entry of this Order, Movant shall serve on Werner (a) a copy of this Order, and (b) Movant's August 24 Letter filed as Dkt. 98. Movant shall file an affidavit of service of same by **August 31, 2021**.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2021
       New York, New York

Copies transmitted this date to all counsel of record.